UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 18-2203-MWF (Ex)          **Date:** June 7, 2018
**Title:** Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER RE: MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [9]

Before the Court is Plaintiff Ronald Sendejas's Motion to Remand Case to Los Angeles Superior Court (the "Motion"), filed on April 16, 2018. (Docket No. 9). Defendants Coca-Cola Refreshments, USA, Inc., Catalina Gamino (erroneously sued as Catalina Camino), and The Coca-Cola Company filed an Opposition on May 14, 2018. (Docket No. 16). Plaintiff belatedly filed a Reply on May 24, 2018. (Docket No. 17). The Court has considered these filings and held a hearing on June 4, 2018.

For the reasons set forth below, the Motion is **GRANTED**. Even if Plaintiff's harassment claim against the non-diverse defendant is deficient, Defendants have not demonstrated that those deficiencies cannot be corrected by amendment. Accordingly, the Court cannot disregard the citizenship of the non-diverse defendant for jurisdictional purposes.

Defendants' objections (Docket No. 18) to the Reply are **OVERRULED**. Plaintiff's counsel's mistake was understandable and Defendants have suffered no prejudice.

Defendants' Request for Judicial Notice (Opposition at vi) is **GRANTED**.

---

**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-2203-MWF (Ex)                    Date: June 7, 2018
Title:   Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

## I. BACKGROUND

Plaintiff Ronald Sendejas commenced this disability discrimination and harassment action on February 6, 2018, in Los Angeles Superior Court. (*See* Notice of Removal (Docket No. 1)). His sixth claim for relief alleges disability harassment in violation of the California Fair Employment and Housing Act ("FEHA") against Gamino. (*See* Compl. ¶¶ 39-42 (Docket No. 1-1). The other five claims for relief are alleged against Defendants Coca-Cola Refreshments, USA and The Coca-Cola Company (together, the "Coca-Cola Defendants") only. (*See generally id.*).

The Coca-Cola Defendants are both Delaware corporations with headquarters in Atlanta, Georgia, and Gamino is a California citizen. (Notice of Removal ¶¶ 16-18; Compl. ¶ 1). Plaintiff is also a citizen of California. (Notice of Removal ¶ 15).

The following summarizes Plaintiff's allegations:

Plaintiff worked as a bottler at the Coca-Cola bottling facility in Downey, California, for 18 years. (Compl. ¶¶ 4-5). He became disabled after suffering a debilitating injury while at work in January of 2015. (*Id.*) When Plaintiff reported his injury, Gamino, Plaintiff's supervisor, and other managers accused him of claiming injury to avoid working. (*Id.* ¶ 5). After being put on medical leave by his treating physician, Plaintiff returned to work in February of 2016 with work restrictions, which included restrictions on repetitive bending/stooping and prolonged sitting/standing/walking. (*Id.* ¶ 6).

Upon Plaintiff's return to work, Defendants did not engage in any interactive process to determine how to accommodate Plaintiff's restrictions. Gamino assigned Plaintiff work that conflicted with his restrictions and caused him pain. (Compl. ¶ 6). Plaintiff believes there was work available consistent with his restrictions, such as driving a fork lift, which he had done for many years prior to his injury. (*Id.* ¶ 7). Nonetheless, Gamino told him there was no work available for him, and advised his workers' compensation carrier and claims manager that he had "refused work." (*Id.*). Plaintiff complained to his union representative about Gamino's conduct. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-2203-MWF (Ex)	Date: June 7, 2018
Title:	Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

After complaining to his union representative, Plaintiff returned to work, and Gamino again assigned him work inconsistent with his work restrictions. (Compl. ¶ 8). Plaintiff once again went on medical leave, and upon his return in November of 2016, found that Defendants continued to refuse to engage in the interactive process, and Gamino continued to assign him work that conflicted with his restrictions. (*Id.* ¶ 9). Plaintiff therefore remained on medical leave. During his leave, he exchanged letters with Defendants in March and April of 2017 regarding his restrictions and how he could return to work. (*Id.* ¶ 10). Nothing came of these efforts. (*Id.*). Plaintiff had multiple fruitless discussions with Gamino over the phone and in person regarding what work he could perform, continuing to the present. (*Id.* ¶ 11).

Plaintiff filed an administrative charge with the California Department of Fair Employment and Housing ("DFEH") on December 8, 2017, alleging that on December 7, 2017, Defendant Coca-Cola Refreshments, USA harassed, discriminated against and retaliated against Plaintiff for his disability. (Compl. ¶ 16, Ex. 1). The DFEH issued a Right to Sue notice that same day. (*Id.*, Ex. 2).

On March 16, 2018, Defendants removed the action to this Court, arguing that Gamino was fraudulently joined and that this Court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Notice of Removal ¶¶ 11-14).

## II. LEGAL STANDARD

A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                    Date:  June 7, 2018
Title:     Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

It has long been recognized that a failure to state a plausible claim for relief against a non-diverse defendant does not, by itself, establish fraudulent joinder. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (stating that to establish fraudulent joinder, the defendant must "show that individuals joined in the action cannot be liable on *any* theory.") (emphasis added). Not surprisingly, then, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper "where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015).

When considering a claim of fraudulent joinder, district courts may consider the Complaint as well as other information presented by the parties. *Ritchey*, 139 F.3d at 1318 (holding that where fraudulent joinder is at issue, courts may look beyond complaint); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering complaint and affidavits to determine fraudulent joinder); *Gloger v. Lynch*, No. CV 16-05445-CAS-E, 2016 WL 4770015, at *4 (C.D. Cal. Sept. 2, 2016) ("Courts may consider affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                    Date:  June 7, 2018
Title:     Ronald Sendejas *-v.-* Coca-Cola Refreshments, USA, Inc., et al.

## III. DISCUSSION

Defendants argue that removal was proper because Plaintiff is unable to state a viable FEHA harassment claim against Gamino for three reasons: (1) the alleged conduct does not meet the legal definition of harassment; (2) the alleged conduct is not sufficiently "severe" or "pervasive"; and (3) the alleged conduct is outside the applicable statute of limitations. (Opp. at 6-7).

### A. Harassment Claims Under FEHA

California law draws a sharp distinction between discrimination and harassment claims.  *See Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 62–63, 53 Cal. Rptr. 2d 741 (1996); *see also Reno v. Baird,* 18 Cal. 4th 640, 645-47, 76 Cal. Rptr. 2d 499 (1998) (summarizing *Janken* with approval and affirming *Janken's* delineation between harassment and discrimination).  While an employee's manager may be personally liable for harassment under FEHA, only the employer is responsible for the supervisor's personnel management decisions later considered to be discriminatory. *Janken,* 46 Cal. App. 4th at 62–63.  As the Court of Appeal explained in *Janken,*

> The Legislature's differential treatment of harassment and discrimination [under FEHA] is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions—which might later be considered discriminatory—as inherently necessary to performance of a supervisor's job.

*Id.*  A claim for harassment cannot be based on supervisory actions, such as "hiring and firing, job or project assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, [etc.]"  *Id.* at 63.  Rather, "harassment consists of conduct outside of the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."  *Id.*  Importantly, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                      Date:  June 7, 2018
Title:     Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

harassment claim based on managerial functions fails "even if improper motivation is alleged." *Id.* According to *Janken*, "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.*

To prevail on a claim for harassment in violation of FEHA, an employee must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of" a plaintiff's protected classification. *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 42 Cal. Rptr. 3d 2 (2006).

## B. Sufficiency of Harassment Allegations

Defendants argue that all of the allegations in the Complaint with respect to Gamino relate solely to the provision of work assignments, assessment of work available to Plaintiff, and failure to engage in the interactive process. Defendants contend that these are all routine personnel management actions that do not constitute harassment under FEHA. (Opp. at 9). Indeed, it appears that most of the allegations in the Complaint pertaining to Gamino's conduct fall within the purview of Gamino's supervisory role.

District courts routinely find that this type of conduct fails to rise to the level of harassment under FEHA. *See, e.g.*, *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1019-22 (C.D. Cal. 2016) (denying motion to remand where allegations that fraudulently joined defendants refused to promote the plaintiff, precluded him from further training, and excluded him from meetings were "entirely personnel-related" and resembled a discrimination claim more than a harassment claim); *Martinez v. Schneider Logistics Transloading & Distribution, Inc.*, No. EDCV 16-1886-JGB (DTBx), 2016 WL 6833911, at *3-4 (C.D. Cal. Nov. 18, 2016) (denying motion to remand and finding disability harassment allegations against fraudulently joined defendant insufficient where the only actions alleged "relate[d] to decisions about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                    Date:  June 7, 2018
Title:    Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

Plaintiff's responsibilities and eventual termination," even if such actions were "unprofessional or even inappropriate").

However, Plaintiff's allegation that Gamino accused Plaintiff of faking his injury does not obviously fall within Gamino's supervisorial role. Neither does Plaintiff's allegation that Gamino made comments to Plaintiff's workers' compensation carrier and claims manager that were intended to have a negative effect on Plaintiff's workers' compensation benefits. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 711, 101 Cal. Rptr. 3d 773 (2009) (evidence of "rude comments", "belittling", and "reprimands" in front of a plaintiff's coworkers supported jury's verdict for plaintiff on harassment claim). Defendants argue that Plaintiff does not allege Gamino ever made any demeaning comments to him about his disability, but that is not entirely true. (*See* Reply at 4).

Defendants next argue that the Complaint does not allege Gamino's conduct was severe or pervasive enough to alter the conditions of Plaintiff's employment and create a hostile or abusive work environment. (Opp. at 16). In the Complaint, the Plaintiff alleges that he had multiple conversations with Gamino in which she refused to facilitate his return to work, that Gamino several times assigned him work inconsistent with his work restrictions that caused Plaintiff pain, and that Gamino continued to assert that Plaintiff just did not want to work.

Defendants' argument that these alleged actions are "***unrelated*** to [Plaintiff's] alleged disability" and therefore cannot be "severe and pervasive" is unsupported by citation to any authority, and not entirely logical. (*See* Opp. at 17).

Finally, Defendants argue that the conduct attributed to Gamino is time-barred. (Opp. at 19). This is Defendants' strongest argument. To bring a civil action for a violation under FEHA, a plaintiff first must exhaust his administrative remedies by filing a complaint with the DFEH. Cal. Gov't Code §§ 12960, 12965(b); *Williams v. Genentech, Inc.*, 139 Cal. App. 4th 357, 373, 42 Cal. Rptr. 3d 585 (2006) (FEHA requires filing of a written charge with the DFEH within one year). California courts may adjudicate claims not specifically made in DFEH complaints so long as the new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                          Date:  June 7, 2018
Title:    Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

claims are "like or reasonably related" to the allegations of the original administrative charge. *See Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1614, 43 Cal. Rptr. 2d 57 (1995).

The chronology of the circumstances at issue is as follows:  Plaintiff's last day actively working was November 30, 2016. (Compl. ¶¶ 9-10; Kopra Decl. ¶ 3, Ex A at 19-28).  Since then, he has been on medical leave while he exchanged letters and phone calls with Defendants, including Gamino. (Compl. ¶¶ 10-11; Kopra Decl. ¶ 5, Exs. B, C, and D).  Plaintiff filed his administrative complaint with the DFEH on December 8, 2017. (Compl. ¶ 16, Ex. 1).

Defendants contend that the only actionable conduct must have occurred in the one year prior to Plaintiff's DFEH complaint, which was filed on December 8, 2017.  Because his last day at work was November 30, 2017, Defendants argue, none of Gamino's alleged conduct falls within the limitations period. (Opp. at 20).  However, Plaintiff argues that his claim against Gamino is not time-barred because it alleges conduct within the limitations period (the letters and phone calls), and because the continuing violation doctrine operates to render the conduct outside the limitations period timely. (Mot. at 9-10; Reply at 6-7).

Defendants correctly point out that the only letters currently alleged in the Complaint are not to or from Gamino (*see* Kopra Decl., Exs. B, C, and D), but they present no argument establishing that Plaintiff cannot amend the Complaint (a) to allege additional communications; (b) to allege facts supporting application of the continuing violation doctrine; or (c) to allege facts that otherwise render the claim timely.  Indeed, in the Complaint, Plaintiff does allege that all Defendants, including Gamino, have engaged in these communications. (Compl. ¶¶ 10-11).

At the hearing, Defendants argued that the only conduct that is alleged to have occurred within the limitations period does not, as a matter of law, constitute harassment.  Therefore, Defendants argued, Plaintiff cannot establish the applicability of the continuing violations doctrine.  However, at the hearing, Plaintiff indicated he did have additional facts to allege, and the Court cannot conclude that it would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-2203-MWF (Ex)            Date: June 7, 2018
Title:     Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

impossible for Plaintiff to allege conduct that might constitute harassment occurring within the limitations period.

Ultimately, even if Plaintiff's allegations are factually deficient as to whether the conduct alleged constitutes severe and pervasive harassment or whether it occurred within the statute of limitations, Defendants provide no reason to believe that those deficiencies cannot be cured through amendment. And as long as there is a ***possibility*** that Plaintiff can state a viable claim for relief, the Court cannot conclude that Gamino's joinder is fraudulent. As one district court stated,

> Defendants must demonstrate that Plaintiffs ***could not possibly state a claim*** against [the non-diverse defendant] in state court. Even if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies. In other words, the complaint's shortcomings, if any, are strictly factual; Plaintiffs clearly may pursue a cause of action for harassment against [the non-diverse defendant] under section 12940(j)(3) of the California Government Code if they can allege sufficient facts.

*Stanbrough v. Georgia-Pac. Gypsum LLC*, No. CV 08-8303-GAF (AJWx), 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009) (emphasis in the original); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12-0943-MMM (FMOx), 2013 WL 815975, at *6 (C.D. Cal. Mar. 5, 2013) (distinguishing between the standard for a motion to dismiss and the higher standard for finding fraudulent joinder).

To the extent Defendants argue, as they did at the hearing, that the Court should not consider the possibility of successful amendment, they are wrong. Defendants cited *Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006) for that proposition. However, *Williams* was not a fraudulent joinder case. In *Williams*, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 18-2203-MWF (Ex)                    Date: June 7, 2018
Title:    Ronald Sendejas -*v.*- Coca-Cola Refreshments, USA, Inc., et al.

Ninth Circuit simply noted the longstanding general principle that post-removal amendments could not destroy federal question jurisdiction. *Id.* In fraudulent joinder cases, as noted above, courts may look beyond the allegations of the complaint. *See Ritchey*, 139 F.3d at 1318 (noting that while courts generally look only at the complaint to determine removability, they "go somewhat further" where fraudulent joinder is at issue); *Grancare*, 889 F.3d at 552 (relevant inquiry is not the sufficiency of the complaint, but the "possible viability" of the claims alleged).

Indeed, several of the cases on which Defendants rely are distinguishable procedurally: The district courts denied motions to remand, but only after the plaintiffs had already had the opportunity to amend the complaints and still failed to state a claim against the fraudulently joined defendants. *See, e.g.*, *Cofer*, 194 F. Supp. 3d at 1017 (denying motion to remand after two successful motions to dismiss, which demonstrated no claim could be stated against non-diverse defendant); *Martinez*, 2016 WL 6833911, at *1 (denying motion to remand after plaintiffs' first amended complaint still failed to state a harassment claim against non-diverse defendant).

Here, Defendants have not demonstrated that Plaintiff cannot possibly state a harassment claim against Gamino, and have not presented any reason to believe the Superior Court will not allow Plaintiff an opportunity to amend the Complaint if necessary. As the Court indicated at the hearing, this is not a case in which, prior to removal, a demurrer was already sustained in Superior Court without leave to amend. Defendants have failed to prove as a matter of law that Plaintiff cannot state a claim against Gamino. Therefore, the Court cannot disregard Gamino's citizenship for jurisdictional purposes.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-2203-MWF (Ex)                    Date:  June 7, 2018
Title:     Ronald Sendejas -v.- Coca-Cola Refreshments, USA, Inc., et al.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.